**UNITED STATES of America,**
**Appellee,**

v.

**Edwens JEAN, Defendant Appellant.**

**Docket No. 00–1797.**

United States Court of Appeals,
Second Circuit.

Jan. 29, 2002.

John S. Wallenstein, Mineola, NY, for appellant.

Bonnie S. Klapper, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for appellee.

Present NEWMAN, KEARSE, Circuit Judges, and RAKOFF, District Judge\*.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Edwens Jean appeals from a judgment entered in the United States District Court for the Eastern District of New York following his plea of guilty before Joanna Seybert, *Judge,* convicting him of conspiracy to commit bank fraud. Jean was sentenced principally to 18 months' imprisonment, to be followed by a three-year term of supervised release, and was ordered to pay $31,250 in restitution. On appeal, he challenges his sentence, arguing that the district court erred in increasing his offense level by three steps under § 3B1.1(b) of the Sentencing Guidelines ("Guidelines") on the ground that he was a manager or supervisor in the offense, without making findings sufficient to support such an enhancement. We disagree and affirm.

▆▆▆ The Guidelines require the sentencing court to enhance a defendant's offense level by three steps if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." Guide-

---

lines § 3B1.1. A defendant may be found to have been a manager or supervisor if he recruited and paid others to participate in the criminal enterprise. *See, e.g., United States v. Payne,* 63 F.3d 1200, 1212 (2d Cir.1995), *cert. denied,* 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). Assuming the requisite number of participants in the criminal activity, "the defendant need not be the manager of more than one other person" in order to warrant an enhancement under this section. *Id.; see* Guidelines § 3B1.1 Application Note 2 ("To qualify for [the manager-or-supervisor] adjustment under this section, the defendant must have been the . . . manager[ or] supervisor of *one or* more other participants." (emphasis added)); *see also id. Background* ("The Commission's intent is that this adjustment should increase with . . . the degree of the defendant's responsibility."); *id.* ("[I]t is also likely that persons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it . . . ."). District courts "should be given latitude concerning their supervisory role findings, even when their findings were not as precise as they might have been." *United States v. Napoli,* 179 F.3d 1, 14 (2d Cir.1999) (internal quotation marks omitted), *cert. denied,* 528 U.S. 1162, 120 S.Ct. 1176, 145 L.Ed.2d 1084 (2000). The findings should be sufficient to permit meaningful appellate review. *See, e.g., United States v. Stevens,* 985 F.2d 1175, 1184 (2d Cir.1993).

■ We see no error or insufficiency in the findings in the present case. It was undisputed that there were five or more participants in the bank fraud scheme, that Jean had recruited at least one, Patrick, that Patrick had recruited several others, and that Jean received a percentage of every check the group cashed. The court concluded that, although perhaps Jean should not be considered an organizer or leader of the criminal activity, which would

have subjected him to a four-step offense-level increase, he should receive a three-step increase because "[h]e's the one that got the ball rolling so to speak and set up this network of people that were giving him a percentage on a consistent basis of these stolen and altered checks." (Sentencing Hearing at 23.) These findings were amply supported. Giving "due deference to the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e), we see no error in the findings that Jean was a manager or supervisor in the fraudulent scheme.

We have considered all of Jean's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.